UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTYR JEAN-BAPTISTE MEDA,

               Plaintiff,

        -against-

DER KOGDA, MARIE-CLAIRE SOMDA-
KOGDA, and CLARISSE KOGDA,

             Defendants.

Index No. 17-cv-6853-LGS

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF MARTYR JEAN-
BAPTISTE MEDA'S MOTION TO DISMISS THE COUNTERCLAIMS OF
DEFENDANTS/COUNTER PLAINTIFFS DER KOGDA, MARIE-CLAIRE SOMDA-
KOGDA, AND CLARISSE KOGDA**

ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W. 52nd Street
New York, NY 10019
(212) 506-5000

and

URBAN JUSTICE CENTER
123 William St, 16th Floor
New York, New York 10038
Tel:  (646) 459-3020

*Attorneys for Plaintiff Martyr Jean-Baptiste Meda*

Plaintiff-Counterclaim Defendant Martyr Jean-Baptiste Meda ("Plaintiff" or "Mr. Meda") respectfully submits this memorandum of law in support of his motion, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b), to dismiss the claims asserted against him by Defendants-Counterclaim Plaintiffs Der Kogda, Marie-Claire Somda-Kogda, and Clarisse Kogda ("Defendant" or "Defendants") in this action.

## PRELIMINARY STATEMENT

This action stems from Plaintiff's employment by the Defendants as chef in their household.  Plaintiff's September 8, 2017 complaint, asserting claims for fraudulent inducement, breach of contract, violations of New York Labor Law and violations of the Trafficking Victims Protection Reauthorization Act, was properly served on each of the Defendants on September 25, 2017.  On November 22, 2017, the Defendants filed a joint answer and counter-complaint, in which they asserted a number of insufficient and time barred claims against Plaintiff.  This includes an improper defamation claim based solely on allegations contained within Plaintiff's complaint, which are subject to absolute privilege and a claim for assault and battery which are well outside the 1-year statute of limitations.  Further, while Defendants' counter-complaint is ambiguous as to which Defendants are bringing which claims, Defendant Clarisse Kodga has no standing to bring fraudulent inducement or breach of contract claims related to Plaintiff's job qualifications.   She was not involved in hiring Plaintiff nor was she party to the contract that Defendants claim that Plaintiff breached.  Clarisse Kogda therefore lacks standing to pursue those claims.

The remaining Defendants, Der Kogda and Marie-Claire Somda-Kogda, have withdrawn from the action and made it clear they do not intend to prosecute their counterclaims.  On January 10, 2018, Defendants' counsel, Victor M. Wilson, filed a motion to withdraw as counsel

for Defendants Der Kogda and Marie-Claire Somda-Kogda, which the Court promptly granted. In Mr. Wilson's supporting affirmation, he represented, among other things, that Defendants Der Kogda and Marie-Claire Somda-Kogda had told him that they do not intend to participate in this lawsuit.  Since that time, Defendants Der Kogda and Marie-Claire Somda-Kogda have, true to their word to their former counsel, failed to participate in the case.  They have not served initial disclosures, discovery requests, or responses to Plaintiff's discovery requests.  *See* Joint Status Letter, Dkt No. 36 at 3.  In addition, they have not responded to multiple communications from Plaintiff's counsel requesting that they make themselves available for depositions pursuant to the deposition notices served on their counsel prior to his termination.  *Id.* at 4.  Moreover, Mr. Wilson informed Plaintiff's counsel that Defendants Der Kogda and Marie-Claire Somda-Kogda have instructed their children, who are fact witnesses, not to cooperate with or participate in the action.  Declaration of Elyse D. Echtman dated March 2, 2018, Exh. A.  Based on this non-participation, Plaintiff plans to submit a motion for default judgment against Defendants Der Kogda and Marie-Claire Somda-Kogda, and asks the Court to dismiss all of those Defendants' counterclaims

## **STATEMENT OF FACTS**[1]

In 2013, Defendant Der Kogda was appointed as Ambassador to the Permanent Mission of Burkina Faso to the United Nations.  Counter-Comp. ¶ 1.  Defendants are all Burkina Faso citizens.  Comp. ¶ 1.  Mr. Meda and Defendant Clarisse Kogda currently reside in the United

---

[1] For purposes of this motion to dismiss only, Plaintiff accepts the well-pleaded allegations of the Counter-Complaint as true, but not any conclusory statements or statements of legal conclusions. Otherwise, Mr. Meda disputes the Counter-Complaint's allegations and denies any liability to Defendants.

States.  *Id.* at ¶¶ 5, 8.  Defendants Der Kogda and Marie-Claire Somda-Kogda currently reside in Burkina Faso.  *Id.* at ¶¶ 6, 7.

Defendants allege that in 2011, Plaintiff submitted his resumé to the Defendants and asked to be considered for the position of their personal chef.  Counter-Comp. ¶ 1.  In November 2013, Defendant Der Kogda attended an event at the hotel in Burkina Faso where Plaintiff worked, and made him an offer of employment as his personal chef in New York City.  *Id.* at ¶ 3; Comp. ¶ 11.  The parties orally agreed to a set of employment terms shortly thereafter.  Comp. ¶ 12.  Once Plaintiff arrived in New York, he and Defendant Der Kogda executed a written employment contract stating that Plaintiff would work for the Defendants as a chef, and that his base salary would be $2,500 monthly for a 48-hour work week.  *Id.* at ¶ 4; Comp. ¶¶ 22-24; Dkt. No. 27 at Exhibit C.

Plaintiff was employed by the Defendants as a chef at their New York City residence from December 2013 – May 2014.  Counter-Comp. ¶¶ 1, 25.  Defendants allege that during the course of his employment with them, Plaintiff failed to cook acceptable meals and that Plaintiff had overstated his qualifications for the job and had been a waiter, not a chef, as Plaintiff indicated on his resumé.  *Id*. ¶17.  Defendants also allege that Plaintiff worked less than the eight hours a day as required by his employment contract, and that Plaintiff was not able to satisfactorily do his job because of physical inability and addiction to alcohol.  *Id.* ¶¶ 19, 23.  Further, Defendants allege that, during the course of his employment, Plaintiff sexually harassed and molested Defendant Clarisse Kogda, and that Plaintiff otherwise engaged in inappropriate conduct including falling when carrying dishes and embarrassing the Defendants in front of guests.  *Id.* at ¶¶16, 24.

On April 11, 2014, Defendant Der Kogda gave Plaintiff a letter warning that his performance was insufficient. *Id.* at ¶25. On May 13, 2014, Defendant Der Kogda gave Plaintiff a letter formally terminating his employment. *Id.* Plaintiff left the Defendants' house after he was fired. *Id.* at ¶29.

Plaintiff filed his complaint against Defendants on September 8, 2017. *Id.* at ¶¶29, 34; Dkt. No. 1. On September 9, 2017, the *New York Daily News* published an article reciting the allegations in Plaintiff's complaint, which Defendants dispute. Counter-Comp. ¶ 35. On November 11, 2017, Defendants answered Plaintiff's complaint and filed their counter-complaint. Dkt. No. 19. Plaintiff now seeks dismissal of these counterclaims.

## ARGUMENT

### I.   MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009). "[M]ere conclusions[] are not entitled to the assumption of truth." *Id.* at 664. A complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. Allegations that are "merely consistent with" a defendant's liability fall short of the plausibility required for relief. *Id.* The doors of discovery do not open for a plaintiff "armed with nothing more than conclusions." *Id.* at 679.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss a complaint upon application by a defendant where a plaintiff has failed to prosecute its claims.  A Rule 41(b) dismissal for failure to prosecute an action "is a matter committed to the sound discretion of the district court."  Jenkins v. City of New York, 176 F.R.D. 127, 128–29 (S.D.N.Y. 1997).

## II.   THE COURT SHOULD DISMISS DEFENDANTS' FIRST CAUSE OF ACTION FOR DEFAMATION, BECAUSE A DEFAMATION ACTION MAY NOT BE BASED ON ALLEGATIONS WITHIN A COMPLAINT

Defamation claims that are based solely on allegations contained within a litigation complaint, as Defendants' are here, are subject to absolute privilege and must be dismissed. "Under New York law, in the context of a legal proceeding, statements by parties and their attorneys are absolutely privileged if, by any view or under any circumstances, they are pertinent to the litigation." O'Brien v. Alexander, 898 F. Supp. 162, 171 (S.D.N.Y. 1995) (dismissing defamation claim based on statements made in pleadings, which were "indisputably made as part of the actual court proceedings") see also D'Annunzio v. Ayken, Inc., 876 F. Supp. 2d 211, 219 (E.D.N.Y. 2012) ("[S]tatements contained in the second amended complaint were 'pertinent to the litigation' and therefore protected by an absolute privilege.").  Courts apply an extremely liberal standard in evaluating the "pertinence" of statements made in connection with litigation. To fall within the privilege, a statement need not be either relevant or material and only "the barest rationality, divorced from any palpable or pragmatic degree of probability, suffices." Chord Assocs., LLC v. Protech, 2003-D, LLC, No. 07-CV-5138 JFB AKT, 2010 WL 3780380, at *3 (E.D.N.Y. Sept. 21, 2010) (quoting Pomerance v. McTiernan, 859 N.Y.S.2d 44, 46 (N.Y. App. Div. 2008)).

Here, Defendants' defamation claim is based on the Complaint Mr. Meda filed in the instant action.  For example, the Counter-Complaint makes reference to the "false allegations in

6

Meda's complaint" and an article that appeared in a local newspaper (which Mr. Meda had nothing to do with) that repeats the allegations within that complaint. Defendants claim that these allegations "directly undermine the Defendants' honor and standing in the community." Counter-Comp. ¶ 33-36. These complaint allegations, however, are directly pertinent to Plaintiff's claims, and are therefore absolutely protected and cannot be the basis for a defamation claim. The Court should dismiss the defamation claim.

Insofar as the Defendants might base their defamation claim on any alleged statements other than those Plaintiff made in his complaint, those claims are both time barred and not described with sufficient particularity, and so should be dismissed as well. A claim for defamation is insufficient under Rule 8 of the Federal Rules of Civil Procedure where the party asserting the claim "fail[s] to describe the statements made, the approximate date and time they were made, or the particular individual who made the statements." *D'Annunzio v. Ayken, Inc.*, 876 F. Supp. 2d 211, 219 (E.D.N.Y. 2012). Courts are "vigilant in requiring plaintiffs to allege when the allegedly defamatory statements were made in order to adequately plead defamation." *Lesesne v. Brimecome*, 918 F. Supp. 2d 221, 224 (S.D.N.Y. 2013). Further, "[d]efamation actions under New York law are subject to a one year statute of limitations. N.Y. C.P.L.R. § 215(3)." *Id.*

Here, Defendants merely state in a conclusory fashion that Plaintiff "has made defamatory statements of fact against the Defendants/Counter Plaintiffs that are false and were made with full knowledge of their falsity and that, because they allege criminal and/or unethical conduct, they would tend to injure the Defendants/Counter Plaintiffs in their business or profession and/or standing in society." Counter-Comp. ¶ 38. Defendants fail to describe the alleged defamatory statements made, or provide the approximate date and time they were made.

If Defendants are basing their defamation claim on any non-specified statements outside of Plaintiff's complaint, those statements would be time-barred.  For example, any statements made during the course of Plaintiff's employment with the Defendants would have occurred in December 2013- May 2014, well outside the 1-year statute of limitations.  As a result, Defendants first cause of action should be dismissed.

III.   **DEFENDANTS' SECOND CAUSE OF ACTION FOR FRAUDULENT INDUCEMENT SHOULD BE DISMISSED FOR LACK OF STANDING AND FAILURE TO PROSECUTE**

A.   **Defendant Clarisse Kogda Does Not Have Standing to Bring Defendants' Second Cause of Action**

Defendants' Counter-Complaint is not clear as to which Defendant is asserting any given counterclaim.  However, Clarisse Kogda was not involved in Plaintiff's hiring, which is the basis of Defendants' second cause of action, and she therefore does not have standing to assert that claim.  *See In re Commodity Exch., Inc.*, 213 F. Supp. 3d 631, 650 (S.D.N.Y. 2016) ("To have constitutional standing, Plaintiffs must demonstrate that they have suffered an injury-in-fact that is 'fairly ... trace[able] to the challenged action of the defendant,' and…Plaintiffs must have suffered the invasion of a 'legally protected interest' in a manner that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'").

B.   **Defendants Der Kogda and Marie-Claire Somda-Kogda No Longer Intend to Prosecute the Counter Claims**

While both Defendants Der Kogda and Marie-Claire Somda-Kogda were involved in Mr. Meda's hiring, those defendants have made clear their intention to cease prosecuting this matter. Dkt. No. 33.

Dismissal for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure "is a matter committed to the discretion of the district court."  *Caussade v. United*

*States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013).  Indeed, "the authority to invoke [Rule 41(b)] for failure to prosecute is vital to the efficient administration of judicial affairs." *Id.*  A district court considering a Rule 41(b) dismissal should weigh five factors: "[whether] (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *Id.*  In weighing which of these factors favor dismissal, "[n]o single factor is generally dispositive." *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015).

Here, each of these factors weighs in favor of dismissal pursuant to Rule 41(b).  With respect to the first factor, "[t]here is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013).  Furthermore, "[d]elays of several months have been found to warrant dismissal." *Id.*  Here, Defendants Der Kogda and Marie-Claire Somda-Kogda have missed various discovery deadlines over the course of the past several months.  Furthermore, their failure to respond to Plaintiff's communications or make themselves available for depositions have delayed completion of fact discovery.

With respect to the second factor, "a court is generally expected to provide warnings that further delay or non-compliance could lead to dismissal," however, a District Court may dismiss a complaint for failure to prosecute "even without affording notice of its intention to do so." *Id.* at 630 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).  Moreover, Courts have made clear that notice of dismissal is not necessary where the Court has "no means of giving plaintiff notice" or where any attempt to warn plaintiff of dismissal "would be futile." *Id.*  Here,

9

Defendants Der Kogda and Marie-Claire Somda-Kogda have firmly expressed their intentions not to pursue their counterclaims.  They fired their counsel, failed to respond to any of Plaintiff's communications, and made themselves unavailable to receive any kind of notification from the Court.  Any further attempts to warn the Defendants would be futile.

With respect to the third factor, "[w]here a plaintiff has become inaccessible for months at a time, courts presume prejudice."  *Id.*  As discussed above, Defendants Der Kogda and Marie-Claire Somda-Kogda have been inaccessible since they fired their counsel in early January 2018.  Prejudice should therefore be presumed.

With respect to the fourth factor, Courts have held that "'fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources' may require a district court to dismiss a case pursuant to Rule 41(b)," and have weighed this factor in favor of dismissal where a plaintiff has "shown little interest in prosecuting this case."  *Id.* at 631.  Here, Defendants Der Kogda and Marie-Claire Somda-Kogda have unequivocally shown that they have no interest in prosecuting this case.

With respect to the fifth factor, "'district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record.'"  Furthermore, "[c]ourts consistently find that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted because the plaintiff would be unaware of any lesser sanction that could be imposed."  *Id.*  Here, Der Kogda and Marie-Claire Somda-Kogda have not responded to any attempts at contact, and dismissal is appropriate based on the overall record.

Based on all of these factors, Defendants' claim for fraudulent inducement should be dismissed for failure to prosecute.  Plaintiff intends to file a motion for default judgment against

Defendants Der Kogda and Marie-Claire Somda-Kogda in which he will request that the Court enter a default judgment on his claims against those Defendants, and requests that the Court dismiss Defendants' claim for fraudulent inducement with respect to all Defendants.

## C.   The Claim for Fraudulent Inducement is Insufficiently Pled

Even if Defendants had standing and intended to prosecute a claim for fraudulent inducement against Plaintiff, they have failed to sufficiently plead such a cause of action.  Under New York law, a party alleging fraud must do so with particularity and "must set forth the contents of the [alleged misrepresentations] and specify how each of the items was false and misleading."  *Protter v. Nathan's Famous Sys., Inc.*, 904 F. Supp. 101, 108 (E.D.N.Y. 1995). The allegations "must be specific enough to allow the defendant a reasonable opportunity to answer the complaint and must give the defendant adequate information to frame a response." *Certilman v. Hardcastle, Ltd.*, 754 F. Supp. 974, 978 (E.D.N.Y. 1991).  In addition, the party alleging fraud must show detrimental reliance.  *Robinson v. Deutsche Bank Tr. Co. Americas*, 572 F. Supp. 2d 319, 322 (S.D.N.Y. 2008).

In support of their claim for fraudulent inducement, Defendants offer only conclusory statements that Plaintiff "made material omissions of fact, or misrepresentations of facts, concerning the present facts at the time of his qualifications for the job of cook" and that Plaintiff's resume was a "fabrication."  Counter-Comp. ¶ 44.  Defendants have failed to specify which if any statements or representations Plaintiff made, either verbally or in writing, that they allege are false, and have failed to give Plaintiff adequate information to frame a response.  Nor have Defendants offered any evidence that they suffered any detrimental reliance.  Defendants' claim for fraudulent inducement should therefore be dismissed as insufficiently plead.

IV.     **DEFENDANTS' THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT
        SHOULD BE DISMISSED FOR LACK OF STANDING AND FAILURE TO
        PROSECUTE**

Defendant Clarisse Kogda was not party to the contract on which Defendants base their

third cause of action, and therefore has no standing to assert that claim against Plaintiff.  Dkt. 27

at Exhibit C;  *Lopez v. Bayview Loan Servicing*, LLC, No. 16-CV-2610 (JPO), 2017 WL

3396421, at *5 (S.D.N.Y. Aug. 8, 2017) ("Under New York law, 'the terms of a contract may be

enforced only by contracting parties or intended third-party beneficiaries of the contract.'").  Her

breach of contract claims should be dismissed for lack of standing.

As discussed above, Defendant Der Kogda, who was party to the contract (Dkt. No. 27 at

Exhibit C), has elected not to participate in this action or pursue the counterclaims.  *See* Section

III(B).  Defendant Der Kogda's claim for breach of contract should therefore be dismissed for

failure to prosecute.  *Id.*

V.      **DEFENDANT CLARISSE KOGDA'S FOURTH CAUSE OF ACTION FOR
        ASSAULT AND BATTERY IS TIME-BARRED**

Defendant Clarisse Kogda's claim for assault and battery is time-barred and must be

dismissed.  It is well-established that claims for assault and battery brought in the state of New

York are subject to New York's one year statute of limitations for intentional torts.  *Rosado v.*

*City of New York*, 713 F. Supp. 124, 125 (S.D.N.Y. 1989).  Here, Defendant Clarisse Kogda

provides no information about when Plaintiff's alleged "improper conduct" towards her took

place.  Presumably, that conduct must have taken place during the course of Plaintiff's

employment, which is when those two individuals lived and worked in the same household.  As

Plaintiff's employment ended in May 2014, any claims for assault and battery from that time

period asserted in Defendants' November 22, 2017 Counter-Complaint are definitively time-

barred by N.Y. C.P.L.R. § 215(3) (McKinney 1972) ("The following actions shall be commenced within one year: ... an action to recover damages for assault, battery, false imprisonment, malicious prosecution, libel, slander, false words causing special damages."). Defendant Clarisse Kogda's claim for assault and battery should therefore be dismissed as untimely.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court dismiss Defendants' counterclaims against Plaintiff with prejudice.

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE, LLP

Dated: March 2, 2018
    New York, New York

/s/ Elyse D. Echtman
Elyse D. Echtman (eechtman@orrick.com)
Jacquelyn Hehir (jhehir@orrick.com)
Jason B. Ervin (jervin@orrick.com)
51 W 52nd St.
New York, NY 10019
Tel:  (212) 506-5280

and

URBAN JUSTICE CENTER
Reena Arora (RArora@urbanjustice.org)
David Ureña (DUrena@urbanjustice.org)
123 William St, 16th Floor
New York, New York 10038
Tel:  (646) 459-3020

*Attorneys for Plaintiff Martyr Jean-Baptiste Meda*